```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
UNITED STATES OF AMERICA
                              *
     v.                           CRIMINAL NO.: WDQ-09-0288
                              *
TERRENCE RICHARDSON and
GREGORY SAULSBURY
                              *

*   *   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

On May 26, 2009, the grand jury indicted Terrence Richardson, Gregory Saulsbury and others. In Count One, Richardson was charged with Conspiracy to Participate in a Racketeering Enterprise. *See* 18 U.S.C. § 1962(d). In Count Two, Richardson and Saulsbury were charged with Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances. *See* 18 U.S.C. § 846. At trial, the Government sought to introduce the defendants' prior convictions under Federal Rule of Evidence 404(b). The defendants objected that the convictions were inadmissible character evidence, *see* Fed. R. Evid. 404(a), whose probativeness was outweighed by their prejudice, *see* Fed. R. Evid. 403. For the following reasons, the objections were sustained in part and overruled in part.[1]

---

[1] Richardson also filed a motion *in limine* to exclude his past convictions. Paper No. 660. For the reasons stated in this Memorandum and in open court, that motion was denied.

I.   Prior Bad Acts Evidence

Under Fed. R. Evid. 404(b):

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Rule 404(b) is an inclusionary rule; evidence of other crimes or acts is admissible unless it tends to prove only criminal disposition or propensity. *See United States v. Queen*, 132 F.3d 991, 994-95 (4th Cir. 1997).[2]

II.  Terrence Richardson

The Government sought to introduce Richardson's (1) March 17, 2008 conviction for simple possession of a controlled dangerous substance ("CDS"); (2) his June 24, 1997 conviction for robbery with a deadly weapon and use of a handgun in the commission of a crime; and (3) his November 13, 1996 conviction for robbery.

   A.  The Robbery and Handgun Convictions

Richardson argued that the robbery and handgun use

---

[2] Evidence is admissible under Rule 404(b) if "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004). "Additionally, the probative value of the evidence must not be substantially outweighed by the danger that it will cause unfair prejudice." *Id.* (*citing* Fed. R. Evid. 403). Limiting jury instructions provide additional protection to defendants. *Id.*

2

convictions were relevant only to his propensity for criminal conduct, and their probativeness was substantially outweighed by their undue prejudice, especially since they are more than 10 years old.[3]  The Government argued that the convictions were relevant to the purposes--and several overt acts--of the RICO conspiracy, and proved Richardson knowingly and willfully joined the conspiracy.[4]

The Indictment alleges that joining the Pasadena Denver Lanes Bloods "enterprise" required an initiation that sometimes involved robberies.  Indictment ¶ 9.  The Indictment also alleges that a "purpose" of the enterprise was "[p]reserving and protecting the power, territory and profits of the enterprise through the use of [*inter alia*] armed robberies."  *Id*. ¶ 14(a).  Overt Act 1 alleges that Richardson robbed customers in a liquor store.  *Id*. ¶ 23(1).  Overt Act 3 alleges that Richardson "possessed firearms while en route to attempt to commit a

---

[3] He did not challenge the reliability of the evidence.

[4] A RICO conviction under 18 U.S.C. § 1962(c) requires proof of an "enterprise" and a "pattern of racketeering activity."  *See* 18 U.S.C. § 1961(1).  An "enterprise" includes "any union or group of individuals associated in fact."  *Id*. § 1961(4).  A "pattern of racketeering activity," requires proof of two predicate acts of "racketeering activity," as that term is defined in 18 U.S.C. § 1961(1).  The Government need not prove that each defendant committed two predicate acts; it is sufficient that two such acts were committed by any member of the conspiracy. *See Salinas v. United States*, 522 U.S. 52, 64-66 (1997).  Conspiring to violate § 1962(c) is crime.  *See* 18 U.S.C. § 1962(d).

murder."  *Id*. ¶ 23(1).

The Government had to show that Richardson participated in the conspiracy with knowledge of some of its objectives and the intent of aiding its unlawful ends.  The Government argued that the robbery and handgun use convictions help prove Richardson's intent to participate in an enterprise that engaged in robberies and handgun violence.  Further, the evidence refutes Richardson's contention that he was a mere bystander during the robbery alleged as Overt Act 1.  The Government also argued that Richardson's handgun conviction tends to prove his knowing possession of firearms, as alleged in Overt Act 3.

On balance, the robbery and handgun use convictions were admitted to help prove Richardson's knowing and intentional participation in the RICO conspiracy--which included robberies and the possession of firearms.  *See* Overt Acts 1 and 3.  Any undue prejudice to Richardson will be diminished by a limiting jury instruction.

B. CDS Possession

The Government also sought to introduce Richardson's March 17, 2008 conviction for simple possession of CDS.  Richardson objected that the evidence was relevant only to his propensity to engage in drug crimes.  The Government argued that the conviction is probative of the states of mind required for the RICO and drug conspiracies.

4

Although this conviction has some relevance, its probative value is substantially outweighed by the risk of undue prejudice. The conspiracies charged in Counts One and Two involve the *distribution* of CDS; the Government must prove that Richardson intended that drugs be distributed. The jury will be instructed that possession for mere personal use is not possession with intent to distribute. This conviction for simple possession is not sufficiently probative of that intent such that undue prejudice is outweighed. Accordingly, the conviction was not admitted.

III. Gregory Saulsbury

The Government sought to introduce Saulsbury's (1) October 11, 1998 and April 25, 1995 convictions for possession with the intent to distribute CDS and (2) his October 17, 1993 conviction for simple possession of CDS.

A. Possession with Intent to Distribute CDS

The Government argued that the possession with intent to distribute convictions help prove that Saulsbury conspired to distribute and possess with the intent to distribute CDS.

Although the convictions are old,[5] the Court found them highly probative of Saulsbury's intent, and that their

---

[5] The 1995 conviction would have been excludable for impeachment under Fed. R. Evid. 609. Because Saulsbury was sentenced to 15 years' imprisonment for the 1998 conviction, that conviction was within Rule 609's ten-year period and would have been admissible for impeachment.

5

probativeness was not substantially outweighed by undue prejudice to Saulsbury; prejudice will be diminished by a limiting instruction.

  B.   CDS Possession

The Government also sought to introduce Saulsbury's October 17, 1993 conviction for simple possession of a CDS. As with Richardson, the conviction might be relevant to Saulsbury's knowledge of controlled dangerous substances and the drug trade and admissible under Rule 404(b). However, the Court found that its probativeness was substantially outweighed by the risk of undue prejudice. Given that the conviction for CDS possession occurred more than 16 years ago, and the risk of prejudice was great, the conviction was not admitted.

| | |
|---|---|
| 3/19/10 | _____/s/_____ |
| Date | William D. Quarles, Jr.<br>United States District Judge |