IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO.: WDQ-09-0288 |
| TERRENCE RICHARDSON | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On March 19, 2010, a jury convicted Terrance Richardson of Conspiracy to Participate in a Racketeering Enterprise and Conspiracy to Possess with Intent to Distribute Controlled Substances. For the following reasons, Richardson's motion for a new trial will be denied.

I. Background

During the five-day trial, the Government presented wiretap evidence and numerous witnesses who described Richardson's leadership of the Pasadena Denver Lanes ("PDL") set of the Bloods gang. The evidence showed that Richardson had, *inter alia*, ordered several murders and was en route to commit a murder when he was arrested. The evidence also showed that Richardson and other PDL members and associates had sold various controlled substances.

On March 17, 2010, a cooperating government witness testified on cross-examination that, while in protective

1

custody, she had received payments from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). This information had not been disclosed to defense counsel before trial. The Court ordered the Government to provide the information and to re-call the witness so that she could be impeached with it. The Government provided a report showing that from September 2008 to December 2009, the witness had received 42 payments from the ATF for lodging, rent, and "subsistence." Mot. for New Trial, Ex. A. The payments totaled $18,720.20, of which $10,100.00 was for subsistence. On March 19, 2010--the final day of trial--the witness was re-called and cross-examined about this information.

The jury found Richardson guilty of Conspiracy to Participate in a Racketeering Enterprise[1] that involved: conspiracy to commit first degree murder, attempted first degree murder, attempted second degree murder, robbery, and distribution of cocaine, heroin, and marijuana. Richardson was also found guilty of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances.[2] On April 2, 2010, Richardson moved for a new trial. Paper No. 705.

II. Analysis

Richardson asserts that he is entitled to a new trial because the Government violated *Brady v. Maryland*, 373 U.S. 83

---

[1] In violation of 18 U.S.C. § 1962(d).

[2] In violation of 21 U.S.C. § 846.

(1963), and its progeny by failing to disclose evidence about the ATF's payments to the cooperating witness before trial. Under Fed. R. Crim. P. 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." To obtain a new trial based on a *Brady* violation, Richardson must prove that (1) a violation occurred and (2) presentation of the suppressed evidence at a new trial would create "a reasonable probability of a different result," which is shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial." *See United States v. Cohn*, 166 Fed. Appx. 4, 11 (4th Cir. 2006).

Under *Brady*, "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. To prove a *Brady* violation, Richardson must show that the evidence (1) is exculpatory or impeaching, (2) was suppressed by the Government, and (3) was material to his defense, *i.e.*, he was prejudiced by the suppression. *See United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010).

Richardson's claim fails because he has not shown that the Government "suppressed" the information about the ATF's payments to the witness. Notwithstanding Richardson's arguments, *Brady* does not require disclosure before trial: "No due process

violation occurs as long as *Brady* material is disclosed to a defendant in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The Government provided the information to Richardson on the fourth day of trial, and the witness was re-called so that she could be impeached on the fifth day. Counsel's cross-examination, which lasted several hours, thoroughly explored the ATF payments, and the jury was able to assess the witness's credibility in light of those payments. The information was disclosed in time for its effective use at trial.

Although Richardson argues that disclosure before trial would have enabled him to refer to the impeaching information in his opening statement and to better cross-examine the cooperating witness and other Government witnesses, he has not shown that the late disclosure undermines confidence in the outcome of the trial. As noted above, the Government presented wiretap evidence and the testimony of numerous witnesses-- including five cooperating witnesses--which established that Richardson was the leader of PDL in Baltimore, had ordered several murders, and had participated in the PDL's drug trafficking activities. Further, defense counsel was able to impeach the Government's witness with the evidence of the ATF payments. That counsel was not able to refer to this evidence

4

earlier in the trial does not undermine confidence in the trial's outcome. Accordingly, Richardson's motion for a new trial will be denied.

June 3, 2010                          _____/s/_____
Date                                       William D. Quarles, Jr.
                                             United States District Judge